UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRANDI R. MOSLEY,
INSTITUTIONAL ID NO. 2415074,

    Plaintiff,

v.
                                      No. 4:22-cv-0795-P

SHERIFF BILL E. WAYBOURN,
ET AL.,

    Defendants.

## MEMORANDUM OPINION & ORDER

This civil-rights action stems from a traffic stop that led to Plaintiff Brandi R. Mosely's state drug convictions.[1] Mosley claims that Defendants violated his constitutional rights during his arrest and subsequent state criminal proceedings. Proceeding pro se and *in forma pauperis* ("IFP"), Mosely seeks monetary damages and injunctive relief under 42 U.S.C. § 1983. For the following reasons, the Court **DISMISSES** Mosley's Amended Complaint.

## LEGAL STANDARDS

### A. Nature of Claims

Before a district court adjudicates the merits of a pro se prisoner's claim, it should review and decipher the underlying nature and essence of the claim, regardless of the title affixed to the suit. *See Odom v. West*, 174 F.3d 198, 1999 WL 153008, at *1 (5th Cir. 1999) (citing *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983)). A § 1983 action is the appropriate remedy for recovering damages for illegal state action. *Taylor v. Cass Cnty. Dist. Ct.,* 178 F.3d 1291, 1999 WL 236119, at *1 (5th Cir. 1999) (citing *Heck v. Humphrey,* 512 U.S. 477 (1994)). The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v.*

---

[1]According to the "Inmate Information Details" found on the Texas Department of Criminal Justice's website, Mosley was convicted in Tarrant County, Texas on two charges of possessing methamphetamine and sentenced to 10 years' imprisonment. *See* https://inmate.tdcj.texas.gov.

*Rodriguez*, 411 U.S. 475, 500 (1973); *see also Deters v. Collins*, 985 F.2d 789, 792–96 (5th Cir. 1993). If a complaint contains both habeas and § 1983 claims, the district court should, if practicable, separate the § 1983 claims from the habeas claims. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463 (5th Cir. 1998).

### B.  28 U.S.C. § 1915

A district court *must* dismiss a prisoner's IFP complaint if, at any time, it determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Norwood v. O'Hare*, 404 F. App'x 923, 924 (5th Cir. 2010).

### 1.  Frivolity

A complaint is frivolous if it lacks an arguable basis in law or fact. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputable meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### 2.  Failure to State a Claim

Dismissals for failure to state a claim under § 1915(e) are reviewed de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Crim. Just.*, 430 F.3d 1208, 1209 (5th Cir. 2005)). Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support each element of the cause of action in order to state a valid claim. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154–55 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")). The court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *City of Clinton, Ark.*, 632 F.3d at 153 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**C.  42 U.S.C. § 1983**

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal right; and (2) that the person acted under color of state or territorial law. *See Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

1.  <u>State Actor</u>

Private individuals generally are not considered to act under color of state law. *See Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). A defense attorney, whether privately retained or appointed by the court, when exercising his independent professional judgment in a criminal proceeding, is not a state actor for purposes of § 1983. *Small v. Dallas Cnty., Tex.*, 170 F. App'x 943, 944 (5th Cir. 2006) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)); *see Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

2.  <u>The *Heck* Doctrine</u>

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court considered the effect of a criminal conviction on a plaintiff's § 1983 claim. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). The *Heck* court held that a plaintiff is not permitted to use a § 1983 action to challenge the validity of his conviction or sentence unless he demonstrates that the conviction or sentence has been reversed or invalidated. *Id.* The Supreme Court imposed this requirement on § 1983 plaintiffs to avoid collateral attacks by plaintiffs on convictions that are still outstanding. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (citing *Heck*, 512 U.S. at 487)). Thus, when a defendant who has been convicted of a crime brings a § 1983 claim, "the district court must first consider whether a judgment in favor of the plaintiff on his § 1983 claim would necessarily imply the invalidity of his conviction or sentence." *See Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 487)). If so, the claim is barred unless the plaintiff proves that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

3. Absolute Immunity

The doctrine of absolute immunity denies a person whose federal rights have been violated by a government official from obtaining any type of remedy, regardless of the conduct. *Beck v. Texas State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 (5th Cir. 2000). Because absolute immunity is an immunity from suit rather than a mere defense to liability, it is appropriate for district courts to resolve the question of absolute immunity before reaching the *Heck* analysis when feasible. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)). If a defendant is dismissed on absolute immunity grounds, it becomes clear that the § 1983 plaintiff will never have a viable claim against the defendant based on the particular facts alleged, even if the plaintiff is a state prisoner who eventually satisfies the precondition to a valid § 1983 claim under *Heck*. *Boyd*, 31 F.3d at 284.

Criminal prosecutors enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of a state's case. *Boyd*, 31 F.3d at 285 (citing *Graves*, 1 F.3d at 318). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Id.* This means that prosecutors are absolutely immune with respect to activities that are "intimately associated with the judicial phase of the criminal process." *See Cousin v. Small*, 325 F.3d 627, 631-32 (5th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Conduct falling within this category is not limited only to the act of initiation itself and to conduct occurring in the courtroom, but instead includes all action which occur in the course of the prosecutor's role as an advocate for the State. *See Cousin*, 325 F.3d 632 (citations omitted). Moreover, absolute immunity shelters prosecutors even when they act "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)).

## ANALYSIS

After reviewing Mosley's Amended Complaint and Answers to the Court's Questionnaire, the Court concludes that he raises both habeas

4

and § 1983 claims in this action. The Court will address each category below.

## A. Habeas Claims

Mosely filed his Amended Complaint on September 15, 2022. At that time, he was a pretrial detainee confined in Tarrant County Jail, where he was presumably awaiting trial on the possession charges. Eight days later, he was convicted. Mosley seeks to have the "charges dropped." *See* ECF No. 5 at 4.

To the extent that Mosley is challenging legality of his *pretrial* detention and asking the Court to interfere in his state criminal proceedings, the Court concludes that his claim is habeas in nature and not cognizable under § 1983. *See Brown v. Estelle*, 530 F.2d 1280, 1282–84 (5th Cir. 1976) (citing *Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484 (1973)). Moreover, the Court concludes that such pretrial habeas claims have been rendered moot by his conviction. *See Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993) (citing *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)).

To the extent that Mosely is challenging the fact and legality of his *current* detention on the ground that his state conviction was unlawfully obtained, the Court likewise concludes that his claim is habeas in nature and not cognizable under § 1983. Under these circumstances, the Court would normally sever Mosley's post-conviction habeas claims from this action. However, the Court declines to do so because Mosley, in essence, admits that he has not exhausted his available state remedies, which is required before seeking federal habeas relief.[2] Instead, the Court

---

[2]To be eligible for habeas relief under § 2241, a pretrial detainee must be "in custody" and must have exhausted his available state remedies. *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). The exhaustion doctrine is designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, as it gives state courts the first opportunity to review and correct all claims of constitutional error. *See Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). A prisoner satisfies the exhaustion requirement when he has fairly presented the factual and legal basis for a federal claim to the highest state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92–92 (5th Cir. 1989). In Texas, this means that a prisoner must present his claims to the Texas Court of Criminal Appeals ("TCCA"). *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1997). In his Answers to the Court's Questionnaire, Mosely admits that he has *not* challenged the legality of his pretrial detention or conviction in the TCCA. *See* ECF No. 14 at 4.

concludes that these claims should be dismissed without prejudice for lack of exhaustion.

### B.  § 1983 Claims

Mosely seeks to recover monetary damages from Defendants, presumably in their individual capacities,[3] for the same constitutional violations that he contends led to his arrest and conviction.

#### 1.  Detective Mitchell

Mosley's arrest and conviction stem from a traffic stop. On April 22, 2021, City of Euless police officers initiated a traffic stop of Mosely's vehicle and found methamphetamine inside. Mosley was transported to the City of Euless Jail, where he met and conferred with Defendant Detective Mitchell. Mosley alleges that Detective Mitchell released him from custody the same day in return for Mosley's help in locating a known drug dealer named Richard Wiley. Mosely did not locate Wiley and was arrested "months later" for possessing the drugs that were found in his vehicle on April 22. *See* ECF Nos. 5, 14.

Mosely claims that Detective Mitchell violated the Fourth Amendment because he did not have probable cause to initiate his arrest based on criminal conduct that occurred months prior. Mosley argues that any probable cause Detective Mitchell may have originally had to arrest him on April 22, in essence, expired. *See* ECF No. 14 at 5.

In accordance with *Heck*, the Court must consider whether a judgment in Mosley's favor would necessarily imply the validity of his conviction. The Court concludes that it would. *See Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) ("We

---

[3]To the extent that Mosley seeks to recover monetary damages from Defendants Mitchell, Waybourn, Brown, and Nguyen in their *official* capacities, the Court concludes that Mosley fails to state a plausible § 1983 against them. As discussed below, these defendants are municipal employees. Suits brought against municipal employees in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *See Monell v. New York City Dep't of Social Serv.'s*, 436 U.S. 658, 690 (1978). In other words, in order to recover damages under § 1983 from municipal employees in their official capacities, a plaintiff must demonstrate that the municipality itself is liable for the alleged unlawful conduct. But municipalities are only liable if official policies or customs cause injuries to the plaintiff. *Id.* Here, Mosley does name the City of Euless or Tarrant County as defendants in this case. Nor does he even allege, much less plead any facts to show, that these entities' policies and/or customs led to his alleged unlawful arrest and conviction.

have specifically noted that false-arrest and malicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.") (citations omitted). Thus, Mosley has no viable claim for damages against Detective Mitchell unless he can demonstrate that his conviction has been invalidated. Mosely has not done so. Although Mosley contends that his detention was invalidated by the 396th Judicial District Court, Tarrant County, Texas, his statement is belied by public record.[4] *See* ECF No. 14 at 3. Further, he admits that he has not yet challenged the legality of his pretrial detention and/or conviction in the TCCA. *Id.* at 4.

For these reasons, the Court concludes that Mosley's claims against Detective Mitchell are barred by *Heck* and, therefore, not cognizable under § 1983.[5]

### 2. Bill E. Waybourn

Mosley claims that Tarrant County Sheriff Bill E. Waybourn unlawfully held him in Tarrant County Jail while his state criminal proceedings were pending. He alleges that his detention there was unlawful because City of Euless police officers had no probable cause to arrest him and that his bond was excessive. Because a ruling in Mosley's favor on this claim would implicate the invalidity of his otherwise unchallenged conviction, the Court concludes that his claim against Waybourn is barred by *Heck* and, therefore, not cognizable under § 1983.

### 3. Mike Brown

Mosley sues Defendant Mike Brown, the "Chief of Euless City Jail." He claims that Brown is the supervisor of Mosley's arresting officers and, therefore, is responsible for their alleged unlawful arrest of him. Mosley is incorrect.

Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *See Thompkins v. Belt,*

---

[4]After conducting an online search via www.texascourts.gov, the Court takes judicial notice of the fact that, to date, there is no public record that shows Mosley has challenged his pretrial detention or conviction in the TCCA.

[5]*See Anderson v. Galveston Cnty. Dist. Clerk*, 91 F. App'x 925 (5th Cir. 2004) (finding district court did not abuse its discretion in dismissing the complaint as frivolous given that the damages claim raised therein was *Heck*-barred and thus had no arguable merit); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

28 F.2d 298, 303 (5th Cir. 1987) (citations omitted). However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Id.* Supervisory liability can be established without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Id.* at 304 (citations omitted). Existence of a constitutionally deficient policy cannot be inferred from a single wrongful act. *Id.*

Here, Mosley does *not* allege that Brown was personally involved in his arrest or that his conduct otherwise led to his arrest. For example, Mosley does not allege that Brown directed City of Euless Police officers to initiate his arrest or that Brown was, in any way, personally involved in making the decision to do so. Nor does Mosley argue or plead any facts to demonstrate that Brown implemented or otherwise adopted an unconstitutional practice or policy of any kind.

The Court, therefore, concludes that Mosley has failed to state a plausible § 1983 claim against Defendant Mike Brown.

4. Paul Nguyen

Mosley alleges in a conclusory statement that Tarrant County District Attorney Paul Nguyen "conspired" to unlawfully indict him. But he does not plead any facts in support of this claim. Importantly, Mosley does *not* allege that Nguyen was, at any relevant time, not acting in his role of representing the district attorney's office during Mosley's criminal proceedings. *See* ECF No. 14 at 6.

Because the decision to file criminal charges is protected, the Court concludes that Mosley's § 1983 clam against Nguyen is barred by the doctrine of absolute prosecutorial immunity.

5. Harold Johnson

Mosley also sues his court-appointed attorney, Harold Johnson. Mosley alleges in a conclusory manner that Johnson lied under oath and received compensation for services that the did not provide. *See id.* at 7. Because Johnson is not considered a "state actor" for purposes of § 1983

8

and Mosley does not plead any facts to demonstrate that Johnson's actions, at any relevant time, were taken outside the course of his professional representation of Mosely in his criminal proceedings, the Court concludes that Mosely fails to state a plausible § 1983 claim against Johnson.

## CONCLUSION

For the foregoing reasons, Mosley's habeas claims are **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.[6]

Mosley's § 1983 claims against Defendants Detective Mitchell and Sheriff Bill E. Waybourn are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Mosley's § 1983 claims against Defendant Paul Nguyen are **DISMISSED WITH PREJUDICE** as barred by the doctrine of absolute prosecutorial immunity.

Mosley's § 1983 claims against Defendants Mike Brown and Harold Johnson are **DISMISSED WITH PREJUDICE** for failure to state a claim.

Lastly, in his October 17, 2022 letter to the clerk of Court, Mosley complains that his former fellow inmate at Tarrant County Jail took personal property from his cell. *See* ECF No. 10. Because this claim is wholly unrelated to the claims raised in Mosley's Amended Complaint, the Court will not adjudicate its merits here. However, if Mosley wants to file a separate lawsuit to address this new claim, he may file a new complaint on the proper form, which is available in his unit's library.

**SO ORDERED** on this **10th day** of **January 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[6]This dismissal does not prohibit Mosley from *attempting* to seek federal habeas relief after he has fully exhausted his available state remedies. However, should he choose to do so, the Court expresses no opinion whatsoever on the underlying merits of his claims.